```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**ERIC REED, AIS # 170274,**          :

    **Plaintiff,**                    :

**vs.**                                :   CIVIL ACTION NO. 15-00623-CG-B

**CYNTHIA STEWART,** *et al.*,        :

    **Defendants.**                   :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that Defendant Dr. Iliff be dismissed without prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to state a claim upon which relief can be granted against him. During the time period allotted for filing an objection to this Report and Recommendation, Plaintiff is hereby granted leave to file an amended complaint with respect to his claim against Dr. Iliff, if he elects, for the purpose of stating a claim. With respect to the other two Defendants, this action will proceed.

**I.  Complaint. (Doc. 1).**

In his complaint, Plaintiff names as Defendants, Cynthia Stewart, Warden at Fountain Correctional Center ("Fountain"); Anthony Stonewall, a correctional officer at Fountain; and Timothy Iliff, the medical doctor at Fountain.  (Doc. 1 at 4-5). Plaintiff alleges that on November 22, 2015, Defendant Stonewall approached him in H-dorm and "without justification sprayed [Plaintiff] with a can of chemical Freeze P and beg[a]n beating [him] and slammed him to the ground[,] dislocating his shoulder and hip."  (Id. at 3).  Plaintiff further alleges that afterwards, Dr. Iliff treated him but "failed to issue proper pain medication or [recommend immediate] surgical intervention that would reduce the daily agonizing pain being felt in his shoulder and hip."  (Id. & 5).  Plaintiff describes Dr. Iliff's actions as "medical neglect/deliberate indifference."  (Id. at 5).  Plaintiff also contends that Warden Stewart was aware of Stonewall's abusive treatment and excessive force against inmates; however she failed to take action that would discourage or prevent his behavior and further failed to issue warnings and reprimands against him.  (Id.).  For relief, Plaintiff requests injunctive relief, compensatory and punitive damages, all court costs, and expenses.  (Id. at 6).

**II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1]   Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

3

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of

4

Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

   **A. Applicable Law.**

In screening Plaintiff's relatively brief complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds the allegations against Dr. Iliff fail to state a claim upon which relief can be granted.  Plaintiff's allegations against Dr. Iliff are for a violation of his rights under the Eighth Amendment.  See Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) ("The Eighth Amendment prohibits infliction of 'cruel and unusual punishments.' U.S. Const. amend. VIII."), cert. denied, 531 U.S. 1077 (2001).  To state a claim under the Eighth Amendment in the medical context, a prisoner must allege a deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  To prevail on a § 1983 medical claim, "a plaintiff must show: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."  Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010).

"A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that

even a lay person would easily recognize the necessity for a doctor's attention." Id. at 564. And, "deliberate indifference to the serious medical need [requires] the prisoner [to] prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

"Medical treatment violates the eighth amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotation marks and citation omitted). That is, the unlawful medical response must be more that mere "inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor, 221 F.3d at 1258 (quotation marks and citation omitted).

While deliberate indifference can be established by showing "grossly inadequate care" or "medical care which is so cursory as to amount to no treatment at all," a claim of negligence "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." McElligott, 182 F.3d at 1254-55 (quotation marks and citations omitted). Furthermore, "a simple difference in medical opinion

6

between the prison's medical staff and the inmate as to the . . . diagnosis or course of treatment" does not state an Eighth Amendment claim.  Harris, 941 F.2d at 1505.

**B. Claim Against Dr. Iliff.**

With respect to Plaintiff's claim against Dr. Iliff, the allegations are very few and are lacking in detail.  The gist of Plaintiff's allegations is that Dr. Iliff treated him for his dislocated shoulder and hip, and that Dr. Iliff "failed to issue proper pain medication" or recommend "surgical intervention," both of which "would reduce his daily agonizing pain." (Doc. 1 at 3, 5).  Aside from these cursory assertions, no other allegations are provided about the medical treatment provided by Dr. Iliff.  While Plaintiff alleges that he has a dislocated shoulder and hip, he fails to provide any direct information about these injuries or the injuries he sustained as a result of Dr. Iliff's treatment.

In assessing these allegations, the Court concludes that Plaintiff did receive medical treatment from Dr. Iliff for a dislocated shoulder and hip.  (Doc. 1 at 3).  Plaintiff takes issue with the treatment he received because he believes he should have had surgery and should have received "proper" pain medicine.  (Id. & 5).  A mere dispute over the course of medical treatment received, which this claim is, does not state a

7

violation of the Eighth Amendment.  See Harris, 941 F.2d at 1505 (citing Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.) (the evidence showed plaintiff received significant medical care while in jail, and although plaintiff may have wanted different types of treatment, the medical care provided by the jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986)).

A dispute over medical treatment received speaks to the deliberate indifference element of an Eighth Amendment claim. Because Plaintiff's facts are scant with respect to the treatment he received from Dr. Iliff, he has not elevated his claim beyond a mere dispute over medical treatment.  In other words, the facts as alleged by Plaintiff do not demonstrate that Dr. Iliff was deliberately indifferent to his injuries.  Thus, the Court finds that Plaintiff has not demonstrated the deliberate indifference element of a § 1983 claim.

A § 1983 medical claim requires Plaintiff to demonstrate "an objectively serious medical need" and to show the "official

8

acted with deliberate indifference to that need." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).  As discussed, the Court finds the deliberate indifference element to be lacking. Because the allegations do not demonstrate deliberate indifference, Plaintiff has failed to state a plausible § 1983 medical claim against Dr. Iliff.  See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (facial plausibility occurs when the factual content "allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged"); Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (the factual allegations must move the right to relief beyond the speculative level by "possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief").  In light of the failure to establish the deliberate-indifference element, the Court is foregoing a discussion of the other elements of a § 1983 medical claim because all of the elements must be established in order to state a claim. Brown, 387 F.3d at 1351.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that Defendant Dr. Iliff be dismissed without prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff failed to state a claim upon

which relief can be granted against him. During the time period allotted for filing an objection to this Report and Recommendation, Plaintiff is granted leave to file an amended complaint with respect to his claim against Dr. Iliff, if he elects, for the purpose of stating a claim. Id.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this the **19th** day of **April, 2016.**

                                               **/s/SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**